```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNION MUTUAL FIRE INSURANCE        :
COMPANY,                           :
                                   :
                    Plaintiff,     :
                                   :
        -against-                  :      MEMORANDUM & ORDER
                                   :      23-cv-5246(DLI)(JAM)
MORNINGSTAR RICHMOND LLC,          :
                                   :
                    Defendant.     :
-----------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On July 10, 2023, Union Mutual Fire Insurance Company ("Plaintiff") initiated this action against Morningstar Richmond, LLC ("Defendant") seeking declaratory judgment and alleging state law claims for failing to abide by the terms of an insurance agreement when Defendant submitted a notice of claim seeking insurance coverage to defend and indemnify it against an underlying personal injury claim and action in New York state court. *See*, Compl., Dkt. Entry No. 1 ¶¶ 6-12, 21-28. On August 13, 2023, Defendant answered the Complaint. Ans., Dkt. Entry No. 11. For the reasons set forth below, this case is dismissed without prejudice *sua sponte* for lack of subject matter jurisdiction.

## DISCUSSION

As a threshold matter, district courts are empowered to dismiss a case *sua sponte* for lack of subject matter jurisdiction anytime before final judgment has been entered. *See*, 28 U.S.C. § 1447(c); *See also*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Here, the Court finds that both of Plaintiff's theories for invoking this Court's jurisdiction fail.

**I.        Declaratory Judgment Act**

Plaintiff's attempt to invoke the Court's subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 fails.  *See*, Compl. ¶ 6.  It is well established in this Circuit that the Declaratory Judgment Act does not provide an independent basis to establish a federal court's subject matter jurisdiction, warranting dismissal on this ground alone.  *See, Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023); *Fleet Bank, Nat. Ass'n v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998); *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir. 1996).

**II.       Diversity Jurisdiction**

Plaintiff also alleges that the dispute here is between citizens of different states with an amount in controversy exceeding $75,000, which is "measured by the value of the object of the litigation and the pecuniary effect an adverse declaration will have on the parties to this action[.]"  Compl. ¶ 7.  The Court construes this paragraph to mean that Plaintiff is invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  To invoke a federal court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), a plaintiff must allege that: (1) the amount in controversy exceeds the $75,000 jurisdictional threshold; and (2) there is complete diversity of citizenship of the parties.  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  However, Plaintiff fails to establish either prerequisite for invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, warranting dismissal on this ground as well.

**A.       Amount in Controversy**

"The starting point for determining the amount in controversy is the type of relief requested."  *Recede Consulting Grp. Inc. v. Hamer*, 2020 WL 1062963, at *3 (E.D.N.Y. Mar. 5, 2020) (citation omitted).  The amount in controversy for non-monetary relief "is measured by the

value of the object of the litigation." *Sasson v. Mann*, 2022 WL 1580596, at *3 (2d Cir. May 19, 2022). This is because "the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Id*. (quoting in parenthetical, *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975)). Thus, the amount in controversy is measured from Plaintiff's standpoint, *i.e.*, the benefit that would flow to Plaintiff if declaratory relief was granted. *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (citation omitted); *Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, 515 F. Supp.3d 95, 101 (S.D.N.Y. 2021). Notably, "[t]he amount in controversy must be non-speculative to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." *Elome v. Sva Trucking LLC*, 2021 WL 4480456, at *1 (E.D.N.Y. Sept. 30, 2021) (internal citations and quotation marks omitted). Accordingly, to determine whether the amount in controversy requirement has been satisfied, Plaintiff must show that there is "a reasonable probability that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a).

Here, Plaintiff contends that "the value of the object of the litigation and the pecuniary effect of an adverse declaration will have on the parties to this action" satisfies the amount of controversy because it will exceed $75,000. Compl. ¶ 7. Therefore, the Court considers the value of indemnifying Defendant from the underlying claim and the costs associated with defending Defendant in the underlying action, such as attorneys' fees. *See*, *Cow Bay Sprinkler Corp. v. Houston Cas. Co.*, 2020 WL 9812929, at *5-8 (E.D.N.Y. Feb. 1, 2020); *See also*, *Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co.*, 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019). However,

3

the Complaint and the documents referenced therein do not establish that the amount in controversy will exceed $75,000.

While the insurance policy at issue exceeds $75,000 in coverage, the Court only can speculate that the cost of defending the underlying action and indemnifying Defendant from the underlying claim will exceed that amount, which is impermissible.[1]  *See*, Ins. Policy, Dkt. Entry No. 1-1; *Bonafide Builders, Inc. v. Colony Ins. Co.*, 2023 WL 2954985, at *3 (E.D.N.Y. Apr. 14, 2023).  For example, the Complaint is devoid of any information regarding the amount of anticipated costs in defending the underlying action.  Moreover, none of the documents provided with the Complaint shed any light as to the amount in damages sought by the plaintiff in the underlying action.  The only information that Plaintiff provides about the underlying action and claim is that the underlying plaintiff "slipped and fell on black ice," which resulted in "bodily injuries at the insured premises." Compl. ¶¶ 22-23. This is clearly insufficient to establish a jurisdictional that exceeds $75,000.  *See, e.g.*, *Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (collecting cases that failed to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages). Accordingly, Plaintiff's boilerplate and conclusory assertion that "the value of the object of the litigation and the pecuniary effect of an adverse declaration will have on the parties to this action" fails to establish with that the amount in controversy has been satisfied. Compl. ¶ 7; *See also*, *Minaudo,* 2023 WL 110359, at *3 (finding that boilerplate pleadings are too generalized "to draw a reasonable inference—as opposed to

---

[1] This is underscored by the joint motion for judgment based on settlement filed by the parties on October 11, 2023. *See,* Dkt. Entry No. 14.  In that document the parties stipulate that: (1) the policy was void *ab initio*; (2) Plaintiff "issued a policy premium refund check in the amount of $2,027.41; and (3) the parties would bear their own costs, expenses and attorney's fees, none of which could be used towards calculating the threshold diversity jurisdictional amount.  *Id.*  As the Court lacks subject matter jurisdiction under any theory posited by Plaintiff, the Court has no authority to endorse any settlement or enforce it, and the motion for settlement is denied.

speculating—that the damages or amount in controversy exceeds $75,000."). Thus, dismissal is warranted on this ground as well.

### B. Diversity of Citizenship

Additionally, even if Plaintiff had alleged the amount in controversy adequately, the Complaint fails to establish diversity of citizenship. While Plaintiff adequately alleges its citizenship by providing its principal place of business as Montpelier, Vermont, it fails to allege Defendant's citizenship. *See*, Compl. at ¶ 1 and generally. For a limited liability company ("LLC"), "[t]he rule is simple: to sue or remove a case involving a limited liability company, a party must allege the identity and *citizenship of their members*, proceeding up the chain of ownership until the party has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *Sixto v. Both Trucking LLC*, 2022 WL 1124824, at *1 (E.D.N.Y. Apr. 14, 2022) (emphasis added). While Plaintiff alleges that Defendant's sole member is a resident of the State of New York, "[r]esidence alone is insufficient to establish domicile for jurisdictional purposes," *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019); Compl. ¶ 5.

Finally, it bears noting that the parties also failed to comply with the recently enacted Fed. R. Civ. P. 7.1(a)(2), which requires that "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)," a party "must, unless the court orders otherwise, file a disclosure statement" which "must name[,] and identify the citizenship of[,] every individual or entity whose citizenship is attributed to that party or intervenor when the action is filed in or removed to federal court." Fed. R. Civ. P. 7.1(a)(2). Furthermore, a party must file the disclosure statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court[.]" Fed. R. Civ. P. 7.1(b). Here, both parties have failed to comply with requirement, further

preventing the Court from assessing Defendant's citizenship to establish complete diversity of citizenship. Accordingly, Plaintiff has failed to satisfy the requirements for invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1332, warranting dismissal.

## CONCLUSION

For the foregoing reasons, this action is dismissed *sua sponte* without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       November 16, 2023

/s/
DORA L. IRIZARRY
United States District Judge